IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE HARTSHORN : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 3:CV-07-1333 |
| v. : | |
| : | (JUDGE CAPUTO) |
| THROOP BOROUGH, ET AL., : | |
| : | |
| Defendant. : | |

## **MEMORANDUM ORDER**

Plaintiff seeks to amend her Complaint to add additional claims and an additional party. It is established that leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a).

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). While Rule 15 liberally allows leave to amend be "freely given," district courts have the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000).

It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981). However, "[i]n the absence of any apparent or declared reason -- such as

undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

Here, the Plaintiff seeks to add events which are alleged to have occurred well after the events complained of in the original pleading. Plaintiff says they are continuing violations of constitutional and statutory rights. Plaintiff also seeks to add Elaine Morrell as a defendant because, in part, Plaintiff was blamed for Morrell losing her job. This was alleged in Ms. Morrell's suit against the municipal defendant here. *See*, *Elaine Morrell v. Throop Borough*, No. 3:04-CV-1690. The events concerning Ms. Morrell occurred prior to the suit filed in 2004. These facts were within the reasonable knowledge of Plaintiff prior to this action.

Plaintiff also notes the discovery in September, 2008, of a document which was "presumably authored by Morrell and which 'besmirches plaintiff's work performance without foundation'". (Doc. 53, p. 4.) There are other proposed allegations involving Ms. Morrell which involve the issue of the bonding of Plaintiff and Ms. Morell's involvement therein. The allegations appear to be independent of those originally pleaded.

In addition, Plaintiff adds 174 paragraphs (the original Complaint had 80) which appear to be taken from depositions in this case. The allegations do not conform to Rule 8(a) of the Federal Rules of Civil Procedure, as they are not short, plain or concise. Moreover, the proposed amendment adds Lenore Dolan as a Defendant, yet makes no claim against her.

In sum, given that the Answer was filed over a year ago, given the lack of a clear statement of an amended claim; given the delay in making allegations about events of which Plaintiff would have been aware prior to filing this suit; and, given that the amended pleading does not connect new allegations to the original theory of the case, I find it inappropriate to grant the motion to amend the complaint.

**NOW**, **THEREFORE**, this 11th day of December, 2008, **IT IS HEREBY ORDERED** that the Motion for Leave to File Amended Complaint and Join Party (Doc. 52) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge