# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE HARTSHORN | CIVIL ACTION NO. 3:07-cv-01333 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| THROOP BOROUGH, ET AL., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Defendants' Motion for Sanctions (Doc. 84) pursuant to Federal Rule of Civil Procedure 11 and Plaintiff's Motion for Partial Summary Judgment (Doc. 65). For the reasons provided below, the Court will strike Plaintiff's Statement of Facts and Plaintiff's Motion for Partial Summary Judgment (Doc. 65) for failure to comply with Middle District of Pennsylvania Local Rule 56.1. However, in the absence of any clear evidence showing that Plaintiff's counsel filed the Statement of Facts in bad faith or for some other improper purpose, the Court will deny Defendants' Motion for Sanctions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and pursuant to 42 U.S.C. § 2000e *et seq.*.

## BACKGROUND

Plaintiff Christine Hartshorn filed her Complaint (Doc. 1) commencing this action on July 23, 2007, alleging violations of her rights under both federal and state law. Defendants filed a timely Answer and Affirmative Defenses (Doc. 14) on August 29, 2007. On February 8, 2008, the Court entered a Case Management Order placing the case on the standard case management track and, after various extensions of deadlines, discovery in this matter

concluded on or about September 15, 2008. On November 14, 2008, Plaintiff filed a Motion for Partial Summary Judgment (Doc. 65) along with a corresponding Statement of Facts (Doc. 63) and Brief in Support (Doc. 64). On November 17, 2008, Defendants filed their Motion for Summary Judgment (Doc. 67) along with a corresponding Statement of Facts (Doc. 69) and Brief in Support (Doc. 71). On February 18, 2009, Defendants filed the current motion seeking sanctions against Plaintiff's counsel. (Doc. 84.) Defendants filed a Brief in Support of the Motion For Sanctions (Doc. 85) on March 4, 2009, and Plaintiff filed a Brief in Opposition to Defendants' Motion for Sanctions (Doc. 86) on March 11, 2009. As the current motion has been thoroughly briefed, it is currently ripe for disposition.

## LEGAL STANDARD

### I. Sanctions Under Rule 11

Under Federal Rule of Civil Procedure 11, both attorneys and clients - even if the clients do not sign the challenged pleadings or motions - may be subject to sanctions. *E.g., United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1343-44 (2d Cir. 1991). The primary purpose of Rule 11 is to deter groundless proceedings and abusive litigation practices. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 553 (1991). Rule 11(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

A court should not impose Rule 11 sanctions so as to chill creativity or stifle enthusiasm or advocacy. *Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449, 451 (E.D.N.Y. 1995) (citing *Securities Indus. Ass'n v. Clarke*, 898 F.2d 318, 322 (2d Cir. 1990)). However, attorneys should "stop, think, investigate and research before filing papers either to initiate a suit or to conduct the litigation." *Gairardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987). A court should test the signer's conduct by inquiring what was reasonable for the signer to believe at the time the pleading was submitted. *Schering Corp. v. Vitarine Pharm., Inc.*, 889 F.2d 490, 496 (3d Cir. 1989); *see also* Note on Advisory Committee to Rule 11, 1983 Amendments. In gauging the reasonableness of an attorney's pre-filing inquiry, a court may consider such factors as: (1) the amount of time available to the signer for conducting the factual and legal investigation; (2) the necessity of relying on a client for the underlying factual information; (3) the plausibility of the legal position advocated; and (4) whether the case was referred to the signer by another member of the Bar. *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 95 (3d Cir. 1988).

## II.    Local Rule 56.1

Local Rule 56.1 of the United States District Court for the Middle District of Pennsylvania states that:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be

3

accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried. The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried. Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

M.D. Pa. LR 56.1 (2008).

## DISCUSSION

In the Motion for Sanctions (Doc. 84) that is presently before the Court, Defendants characterize Plaintiff's Statement of Facts (Doc. 63) supporting her Motion for Partial Summary Judgment as "a rambling two hundred forty-one (241) paragraph statement, which burdens the Court and prejudices Defendants by unnecessarily increasing their cost to oppose Plaintiff's motion for summary judgment." (Mot. for Sanctions, Doc. 84, ¶ 10.) In particular, Defendants call the Court's attention to sections of Plaintiff's Statement of Facts describing the dimensions and general layout of the Throop Borough's Council Chambers, and sections that discussing prior, unrelated lawsuits and deposition testimony that is immaterial to the facts at issue in the current case. (*Id.* ¶¶ 11-13.)

In response, Plaintiff's counsel argues that sanctions are not warranted because "counsel did not act for any improper purpose. . . and stated facts and supporting citations to provide the Court with a full background from which to address the motions." (Pl.'s Br. In Opp. to Defs.' Mot. for Sanctions, Doc. 86, at 3.) Plaintiff's counsel further states that "[a]ll facts recited are materially necessary." (*Id.*)

After reviewing the document in question, the Court finds that Plaintiff's Statement of

4

Facts does not comply with Local Rule 56.1.  As noted by Defendants' in their Motion for Sanctions, Plaintiff's Statement of Facts contains two hundred forty-one paragraphs spread over ninety-one (91) pages of text.  (Pl.'s SOF, Doc. 63.)  Many of these paragraphs discuss clearly non-material facts and events such as the aforementioned statements concerning the layout and dimensions of the Throop Borough Council's Chambers, statements concerning litigation unrelated to the present case, facts unrelated to the current case, numerous statements recounting parties' and witnesses' stated *opinions* or *allegations*, conclusions of law, and the history of discovery in the current case.  (Pl.'s SOF, ¶¶ 13-241.)

Local Rule 56.1 directs parties moving for summary judgment to supply "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."  The purpose of this rule is to "structure a party's summary judgment legal and factual theory into a format that permits and facilitates the court's direct and accurate consideration of the motion."  *Gantt v. Absolute Machine Tools, Inc.*, No. 1:06-CV-1354, 2007 WL 2908254, at *3 (M.D. Pa. Oct. 4, 2007) (Smyser, M.J.) (Kane, C.J.).  While Plaintiff's Statement of Facts is separate from the Motion for Partial Summary Judgment, it is not short, concise, or limited to material facts.  Moreover, the length, lack of coherence, and presence of non-material facts in Plaintiff's Statement of Facts would *hinder* rather than facilitate the Court's direct and accurate consideration of Plaintiff's Motion for Partial Summary Judgment.  Thus, the Court will strike Plaintiff's Statement of Facts (Doc. 63) and Motion for Partial Summary Judgment (Doc. 65) for failure to comply with Local Rule 56.1.

The Court will not, however, grant Defendants' motion for sanctions.  The Federal Rules "ensure that district courts have tools available to protect their truth-seeking process.

. . [and] allow district courts to sanction parties who fail to meet minimum standards of conduct in many different contexts." *Republic of the Philippines v. Westinghouse Electric Corp.*, 43 F.3d 65, 73 (3d Cir. 1994).  Moreover, the United States Supreme Court has affirmed that "a district court has inherent authority to impose sanctions upon those who would abuse the judicial process."  *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  The Court, however, recognizes that it must exercise these powers "with restraint and discretion." *Id.* (quoting *Chambers*, 501 U.S. at 44.)  Even though Plaintiff's Statement of Facts does not conform to Local Rule 56.1, the Court does not find any evidence of bad faith, improper purpose, harassment, or intent to cause delay or increased expense in the current litigation.  As such, the Court finds that sanctions are not warranted by the present situation.

## CONCLUSION

For the reasons discussed above, the Court will strike Plaintiff's Statement of Facts (Doc. 63) and Motion for Partial Summary Judgment (Doc. 65) for failure to comply with Local Rule 56.1.  However, in the absence of any conduct by Plaintiff's counsel clearly constituting bad faith, the Court will deny Defendants' Motion for Sanctions (Doc. 84) brought pursuant to Federal Rule of Civil Procedure 11.

An appropriate Order follows.


| March 19, 2009 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE HARTSHORN | CIVIL ACTION NO. 3:07-cv-01333 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| THROOP BOROUGH, ET AL., | |
| Defendants. | |

## ORDER

**NOW**, this 19th day of March, 2009, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Statement of Facts (Doc. 63) is **STRICKEN** from the record;

(2) Plaintiff's Motion for Partial Summary Judgment is **STRICKEN** from the record; and

(3) Defendants' Motion for Sanctions (Doc. 84) pursuant to Federal Rule of Civil Procedure 11 is **DENIED**.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge