# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE HARTSHORN<br><br>Plaintiff,<br>v.<br><br>THROOP BOROUGH, ET AL.,<br><br>Defendants. | CIVIL ACTION NO. 3:07-cv-01333<br><br>(JUDGE CAPUTO) |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's' Motion for Reconsideration filed on March 27, 2009. (Doc. 67.) In this motion and the accompanying Brief in Support (Doc. 89), Plaintiff argues that the Court should reconsider its March 19, 2009 Memorandum and Order (Doc. 87) striking Plaintiff's Partial Motion for Summary Judgment (Doc. 65) for non-compliance with Middle District of Pennsylvania Local Rule 56.1.

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

In her current motion, Plaintiff Hartshorn presents no arguments suggesting that the Court should reconsider its March 19, 2009 Order because of an intervening change in controlling law or due to new evidence that was previously unavailable. Instead, Plaintiff argues that it is manifestly unjust and a manifest error of law and fact for the Court to strike her statement of facts and summary judgment motion. The Court finds no such error of law or manifest injustice since its decision to strike Plaintiff's statement and motion, rather than deny the motion on its merits, does not prevent Plaintiff from raising the arguments contained in her summary judgment motion at trial. Mindful that reconsideration of a judgment is an extraordinary remedy, and finding that Plaintiff has not identified any manifest errors of law or fact or presented any newly discovered evidence warranting reconsideration of its March 19, 2009 Memorandum and Order, the Court will deny Plaintiff's Motion for Reconsideration (Doc. 88).

For the reasons stated, NOW this 7th day of May, 2009, **IT IS HEREBY ORDERED**

2

that Plaintiff Christine Hartshorn's Motion for Reconsideration (Doc. 88) is **DENIED**.

 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge